UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CODY PHELPS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-454-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Cody Phelps, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-03-383) in which a disciplinary hearing officer found him guilty of unauthorized possession of personal information in violation of Indiana Department of Correction Policy B-247. He was sanctioned with the loss of 90 days earned credit time and a one-step demotion in credit class. The Warden has filed the administrative record. Mr. Phelps hasn't filed a traverse and the time to do so has passed, so this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the

disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Phelps asserts there are three grounds which entitle him to habeas corpus relief.

In one ground of his petition, Mr. Phelps argues the hearing officer didn't have sufficient evidence to find him guilty of violating offense B-247. Mr. Phelps claims the hearing officer found him guilty on an "assumption" because the conduct report states the confiscated pages of personal information contain "possible" credit card information. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Phelps was found guilty of violating IDOC offense B-247, which prohibits inmates from "[p]ossessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offenders packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Facility Head. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Mr. Phelps as follows:

Offender found with several pages of personal information to include possible credit card information. Offender requested for interview on same date but declined unless he could bring a witness with him.

Information obtained is in violation of code 247B of adult disciplinary code.

Documents are available for review in case file 17ISP0067.

ECF 9-1 at 1.

In assessing the evidence, the hearing officer determined there was sufficient evidence in the record to find Mr. Phelps guilty of unauthorized possession of personal information in violation of offense B-247. A conduct

report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Whelan, the reporting officer, detailed his discovery of documents containing credit card and personal information in Mr. Phelps's cell. ECF 9-1 at 1, 11 at 1-8. The confidential packet of documents filed in this case (ECF 11 at 1-8), which are the documents confiscated from Mr. Phelps's cell and contained in confidential case file 17-ISP-0067, corroborate the conduct report. Given the conduct report coupled with the confidential packet of documents, there was more than "some evidence" for the hearing officer to find Mr. Phelps's guilty of offense B-247. The DHO's finding that Mr. Phelps was guilty was neither arbitrary nor unreasonable in light of these facts.

Mr. Phelps argues his due process rights were violated because he was denied evidence in this case and couldn't prepare his defense. He claims that, because he wasn't present during the "shakedown" of his cell, he didn't know what happened or what evidence was allegedly confiscated. Mr. Phelps is incorrect on this point. On March 30, 2017, he was notified of the charge against him and, at that time, he asked for the "investigation packet—proof of credit card numbers." ECF 9-2 at 1. Review of the record shows Mr. Phelps knew that the charge against him involved the unauthorized possession of credit card and personal information and that documents had been confiscated from his cell. His assertion lacks merit.

Next, Mr. Phelps contends that he couldn't defend against the charge because his requests to review the confidential case file and cross-examine witnesses were improperly denied. He claims he wasn't given a "chance" to review the evidence and prison officials simply "hid any way for [him] to argue the alleged charges." While Mr. Phelps had a right to request evidence in his defense, *see* Wolff v. McDonnell, 418 U.S. at 566, he didn't necessarily have a right to personally review the evidence. *See* White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Mr. Phelps didn't have a right to review the confidential case file or the confidential packet of documents filed in this case because that information contains sensitive materials that, if viewed, might jeopardize institutional safety and reveal investigation techniques. *See* Wolff v. McDonnell, 418 U.S. at 566; Jones v. Cross, 637 F.3d 841, 847 (7th Cir. 2011).

Furthermore, Mr. Phelps had no right to review the confidential case file or the confidential packet of documents because they don't contain exculpatory evidence. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Mr. Phelps has a right to present relevant, exculpatory evidence in his defense, but the confidential packet of documents is made up of

incriminating evidence, which supports the conduct report. The court has reviewed the confidential packet of documents and notes they don't contain any exculpatory evidence. To the extent Mr. Phelps claims he was denied the right to cross-examine witnesses, he never requested any witnesses at his screening. Because the hearing officer who presided over Phelps's hearing, considered all of the relevant evidence, including staff reports, the confidential case file, and the confidential packet of documents filed with this court, there was no violation of Phelps's due process rights. This ground doesn't identify a basis for granting habeas corpus relief.

If the hearing officer erred in denying Mr. Phelps's request to review the confidential materials in this case, that error was harmless. When a prisoner is denied the opportunity to present evidence, the prisoner must establish that the denial of the evidence resulted in actual prejudice rather than harmless error. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Mr. Phelps doesn't allege any prejudice from not reviewing the confidential materials in this case other than the general claim that it hindered his defense preparation. He points to no specific example of how his defense was actually harmed or that there was a substantial or injurious effect on the outcome of the proceeding. Mr. Phelps hasn't established he was prejudiced in any way by the hearing officer's denial of his request to review the confidential materials in this case.

In the last ground of his petition, Mr. Phelps asserts his due process rights were violated because he was placed in restrictive housing and his property was

taken, all in retaliation for his refusal to cooperate with the internal affairs investigation. Unlike his other grounds, this ground doesn't question whether Mr. Phelps was afforded due process as it relates to his disciplinary hearing. Because this claim appears to allege a failure to provide safe conditions of confinement, it can't be remedied in a habeas corpus petition pursuant to Section 2254. <u>Montgomery v. Anderson</u>, 262 F.3d 641, 643 (7th Cir. 2001). If Mr. Phelps wants to challenge his conditions of confinement, he must assert those claims under 42 U.S.C. § 1983, rather than in a habeas corpus proceeding under 28 U.S.C. § 2254. *Id.* This ground does not identify a basis for habeas corpus relief.

If Mr. Phelps wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* <u>Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES Cody Phelps's petition for writ of habeas corpus. The clerk is DIRECTED to close this case.

SO ORDERED on November 27, 2018.

                        /s/ Robert L. Miller, Jr.
                        JUDGE
                        UNITED STATES DISTRICT COURT